**Donald KLOCK, Plaintiff,**

v.

**Mitchell CAIN, et al., Defendants.**

**No. CV 91–0163 AWT.**

United States District Court, C.D. California.

Feb. 17, 1993.

---

1. Plaintiff claims also to have been arrested without probable cause and that excessive force was used against him. Those Fourth Amendment claims remain pending.

---

Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiff.

Peter J. Ferguson, Ferguson, Praet & Sherman, Santa Ana, CA, George W. Schaeffer, Jr., Silver, Schaeffer & Hadden, Irvine, CA, for defendants.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

This case has been tried once and, because of a hung jury, has been set for a retrial. This is an action under 42 U.S.C. § 1983 for asserted violation of plaintiff's constitutional rights. One of the constitutional rights of which plaintiff claims he was deprived is the right not to be "deported" from the City of Hemet. He alleges that defendants, who are police officers of the City of Hemet, forcibly put him in a patrol car, drove him to the city limits and left him by the side of the road, just outside the city limits.[1] As stated by plaintiff in the motion now under consideration, "Plaintiff claims that he has a right not to have been taken, against his will, outside the jurisdiction of the City of Banning [sic.]."

At the trial, the court dismissed this claim based on application of the qualified immunity defense.[2] The court ruled that

2. While the cases counsel that this determination should be made "at the earliest possible point in the litigation," *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir.1993), it was not

this constitutional right (assuming its existence) was not "clearly established" at the time of the events in question, as required by *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), to defeat the immunity. In anticipation of the retrial, plaintiff has moved for reconsideration of that ruling. Although it is unopposed,[3] the motion will be denied because it lacks merit.

The sole issue presented by this motion is whether the constitutional right allegedly violated by defendants was "clearly established" at the time of the incident in question.[4] The applicable rule in determining this issue has been stated by the Circuit thusly:

> In determining whether officials are entitled to qualified immunity, officials are charged with knowledge of constitutional developments at the time of the alleged constitutional violation, including all available case law. *Tribble [v. Gardner],* 860 F.2d [321] at 324 [ (9th Cir. 1988) ]. A right can be clearly established even though there was no binding

precedent in this circuit. *Ostlund v. Bobb,* 825 F.2d 1371, 1374 (9th Cir.1987), *cert. denied* 486 U.S. 1033, 108 S.Ct. 2016, 100 L.Ed.2d 603 (1988). Absent binding precedent, we look to all available decisional law, including the law of other circuits and district courts, to determine whether the right was clearly established. We also evaluate the likelihood that this circuit or the Supreme Court would have reached the same result as courts that had already considered the issue. *Chilicky v. Schweiker,* 796 F.2d 1131, 1138 (9th Cir.1986), *rev'd on other grounds,* 487 U.S. 412 [108 S.Ct. 2460, 101 L.Ed.2d 370] (1988).

*Lum v. Jensen,* 876 F.2d 1385, 1387 (9th Cir.1989). In this case, the test clearly is not met.

The rule requires that *some* case-law precedent exist. The lack of merit to plaintiff's motion is conceded (perhaps, unknowingly)[5] by plaintiff's own statement that, "There appears to be no case directly on point to support this right."[6]

---

decided earlier in this action because it was not tendered for decision. The ruling was made at the mid-point of trial, after plaintiff rested his case. Defendants then moved for judgment as a matter of law under F.R.Civ.P. 50(a). At that point, the court held that, as a matter of law, the qualified immunity defense precluded plaintiff from recovery on his local "deportation" claim.

3. Under Local Rule 7.6 and the minute order submitting this motion, defendants' opposition was due on January 25. It was not filed until January 28, three days late. Under Local Rule 7.9, the court declines to consider the opposition at plaintiff's request. Because there is no opposition, plaintiff cannot be prejudiced by lack of time to file a reply—there is nothing to reply to. However, the court declines to exercise its discretion under Local Rule 7.9 to "deem" defendants' consent to the granting of the motion. *Cf. Henry v. Gill Indus., Inc.,* 983 F.2d 943, 949 (9th Cir.1993) (error to grant summary judgment based solely on lack of timely opposition).

4. In *Siegert v. Gilley,* —— U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), the Court stated:

> A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is "clearly established" at the time the defendant acted is a determination of whether the plaintiff has asserted a violation of a constitutional right at all.

*Id.* at ——, 111 S.Ct. at 1793. *Siegert* held that a court must first determine whether a constitutional right is involved, before it can decide whether that right was clearly established. If *Siegert* requires that this court do so, it holds that the right to local travel is a constitutional right under the substantive due process analysis of *Lutz v. City of York,* 899 F.2d 255 (3d Cir. 1990), discussed *infra.* It does so, however, reluctantly and only under the compulsion of *Siegert,* without making an extended, independent analysis, because the motion is more easily disposed of on the "clearly established" ground. *See Siegert,* —— U.S. at ——, 111 S.Ct. at 1795 (Kennedy, J., concurring).

5. Plaintiff does not cite a single case on how the "clearly established" issue is to be determined.

6. In fairness to plaintiff, the court acknowledges that some of the cases discussed below were cited by plaintiff at the hearing when the court made its initial ruling granting qualified immunity. Some of the cases discussed below were not cited by plaintiff. However, *Elder v. Holloway,* 975 F.2d 1388 (9th Cir.1992), which held that in a qualified immunity appeal, the court would limit its review to "the legal facts identified by the plaintiff," *id.* at 1395, does not limit the district court's authority to look beyond the case law cited by plaintiff. *Id.* at 1396; *Elder v. Holloway,* 984 F.2d 991, 992 n. 1 (9th Cir.1993) (Reinhardt, J., dissenting from rejection of rehearing *en banc* ).

While the Supreme Court has long recognized that the Constitution protects the right to *interstate* travel, *see Attorney General v. Soto–Lopez*, 476 U.S. 898, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986), and cases cited therein, *id.* at 901–02, 106 S.Ct. at 2320, it has expressly avoided deciding whether that right extends to *intrastate* travel. *Memorial Hosp. v. Maricopa County*, 415 U.S. 250, 255–56, 94 S.Ct. 1076, 1081, 39 L.Ed.2d 306 (1974). Thus, the Supreme Court has never mandated the right to intrastate travel and the issue has never been addressed by the Ninth Circuit. Few courts have.

Two earlier cases addressed a similar, but not the same, right. *Cole v. Housing Auth.*, 435 F.2d 807 (1st Cir.1970), and *King v. New Rochelle Mun. Hous. Auth.*, 442 F.2d 646 (2d Cir.), *cert. denied*, 404 U.S. 863, 92 S.Ct. 113, 30 L.Ed.2d 107 (1971), both held that an in-city, durational residency requirement, as a condition of eligibility for public housing, violated the Equal Protection Clause of the Constitution. *King* stated expressly that:

It would be meaningless to describe the right to travel between states as a fundamental precept of personal liberty and not to acknowledge a correlative constitutional right to travel within a state.

*Id.* at 648. However, voiding a five-year, durational residency requirement on equal protection grounds is not the same as acknowledging a constitutional right freely to travel locally without restriction. Two, more recent cases address the issue.

In *Lutz v. City of York*, 899 F.2d 255, 268–69 (3d Cir.1990), the court held that the right to local travel was a right guaranteed by "substantive due process" under the Constitution. In that case, while the court upheld the constitutionality of an "anti-cruising" ordinance, it did so by upholding it as a reasonable regulation of a constitutional right under the "intermediate scrutiny" standard. *Id.* at 270.

An earlier intermediate state court case, *In re White*, 97 Cal.App.3d 141, 148, 158 Cal.Rptr. 562 (1979), concluded that the right to intrastate travel (which includes intramunicipal travel) is a basic human right protected by the United States and California Constitutions as a whole.[7]

That case involved an attack on a condition of probation which prohibited the probationer, who had been convicted of soliciting an act of prostitution, from being present within certain designated areas of Fresno (areas which apparently were suspected as high prostitution areas). The court first held that the challenged condition of probation was not "reasonable," contrary to the statutory requirement. *Id.* at 147–48, 158 Cal.Rptr. 562. Although unnecessary to the disposition of the case, it then went on to decide the constitutional issue. *See id.* at 152, 158 Cal.Rptr. 562 (Brown, P.J., concurring). Thus, this portion of the decision must be regarded as *dicta*.

For purposes of determining whether or not the right to local travel is a clearly established constitutional right, Judge Becker's hesitancy in reaching his substantive due process conclusion is instructive:

We conclude that the right to move freely about one's neighborhood or town ... is indeed "implicit in the concept of ordered liberty" and "deeply rooted in the Nation's history." Despite our preceding analysis, this bottom-line judgment is unquestionably ad hoc, to some extent. However, unless the Supreme Court either repudiates substantive due process altogether (an unlikely prospect), decides the question left open in *Maricopa County*, or limits substantive due process analysis to more specific fact patterns—in other words, limits substantive due process rights to "a series of isolated points," not the "rational continuum" suggested by the ringing general phrases still quoted from cases like *Palko [v. Connecticut*, 302 U.S. 319 [58 S.Ct. 149, 82 L.Ed. 288] (1937),] and *Moore [v. City of East Cleveland*, 431 U.S. 494 [97 S.Ct. 1932, 52 L.Ed.2d 531] (1977) ]—it is a judgment we are required to make.

---

7.  There the right was found in "U.S. Const., art. IV, § 2 and the 5th, 9th and 14th Amends." *Id.*

*Lutz,* 899 F.2d at 268 (footnote omitted). It should be pointed out further that *Lutz* was decided on March 28, 1990, *id.* at 255, and the events at issue in this case took place two months earlier, on January 31, 1990.

Plaintiff also contends that the right not to be locally "deported" is a clearly established right in that it has attained *"jus cogens"* status under international law. He asserts that this right exists as "a norm accepted and recognized by the international community of states." Assuming *arguendo* that the right not to be locally restricted in one's freedom to travel has attained *"jus cogens"* status,[8] there is no showing (or even a direct contention) that this "norm" is a federal constitutional right (and from what provision of the Constitution it emanates), and that the constitutional right is clearly established. *Siegert v. Gilley,* —— U.S. ——, ——, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). The issue is not, as contended by plaintiff, whether "a particular right has attained a *jus cogens* norm," but whether it has attained the status of a clearly established constitutional right.

Police officers are not "charged with predicting the future course of constitutional law." *Ostlund v. Bobb,* 825 F.2d 1371, 1374 (9th Cir.1987) (citations omitted), *cert. denied,* 486 U.S. 1033, 108 S.Ct. 2016, 100 L.Ed.2d 603 (1988). When, as in *Lutz,* a United States Circuit Judge hesitates in making his substantive due process analysis, and when the only authority plaintiff can cite is "a norm of international law," it is not difficult to conclude that a police officer would have to be a constitutional scholar in order to have known, in early 1990, of the existence of this constitutional right. The court holds that, even today, the right to local, intrastate travel is not a clearly established constitutional right.

IT IS ORDERED that the motion for reconsideration of ruling on plaintiff's right not to be locally deported is DENIED.

---

**8.** The court doubts the validity of this assumption, but the issue need not be decided. *"Jus cogens"* is defined as a rule of international law "recognized by the international community of states as peremptory, permitting no derogation." Restatement (Third) of the Foreign Relations Law of the United States § 102 cmt. k (1986).

Although the concept of *jus cogens* is now accepted, its content is not agreed. There is general agreement that the principles of the United Nations Charter prohibiting the use of force are *jus cogens.* It has been suggested that norms that create "international crimes" and obligate all states to proceed against violations are also peremptory. Such norms might include rules prohibiting genocide, slave trade and slavery, apartheid and other gross violations of human rights, and perhaps attacks on diplomats.

*Id.* § 102 Reporter's Note 6. *See also In Re Estate of Marcos Human Rights Litig.,* 978 F.2d 493, 500 (9th Cir.1992) (official torture violates *jus cogens* ) (citation omitted). The right contended for by plaintiff is not in the same class as the norms discussed above and would appear *not* to be a *jus cogens* norm.