8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eduardo PACUMIO; Nenita Pacumio, et al.,
Plaintiffs-Appellees-Cross-Appellants,
v.
Vincent SERENO, et al., Defendant-Appellant-Cross-Appellee,
Roger HOGAN, Joel Bibby, Fred Paige, Cross-Appellees.
 Nos. 92-15287, 92-15290.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided Oct. 5, 1993.
 
 Before: POOLE, FERGUSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vincent Sereno, a park ranger for the Merced Irrigation District (MID), appeals the jury's verdict in favor of Jaime Nievera on Nievera's claim that Sereno violated his first amendment rights by filing a report claiming that Nievera assaulted him (No. 92-15290). The 25 plaintiffs,[1] members of seven Filipino families, cross-appeal the district court's denial of their motion for judgment notwithstanding the verdict (JNOV) (No. 92-15287). The plaintiffs claim that the defendants violated their substantive due process rights by requiring them to leave a MID campground without good cause. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Sereno Appeal
 
 3
 Sereno argues that the district court erred by failing to instruct the jury on what he characterizes as Nievera's section 1983 malicious prosecution claim. He contends that he was denied a fair trial because the jury was never directed to examine the elements of a malicious prosecution claim. Moreover, aside from the lack of jury instructions, Sereno argues that the evidence cannot support liability against him because Nievera did not, in effect, show malicious prosecution.
 
 1. Jury Instructions
 
 4
 The federal rules instruct that "[n]o party may assign as error the giving or the failure to give a[ ] [jury] instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. "This court has enjoyed a reputation as the strictest enforcer of Rule 51; we have declared that there is no 'plain error' exception in civil cases in this circuit." Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.) (en banc) (plurality), cert. denied, --- U.S. ----, 112 S.Ct. 582, 116 L.Ed.2d 607 (1991). "A plain error exception to Rule 51 lacks the authorization that Criminal Rule 52(b) confers in criminal cases." Id. at 848; see also Elder v. Holloway, 975 F.2d 1388, 1395 (9th Cir.1991).
 
 
 5
 Here, Sereno admittedly failed to raise any objection to the jury instructions before the district court. Sereno's failure to object to the instructions precludes him from challenging them on appeal. See Hammer, 932 F.2d at 848. There is no plain error exception. See id.
 
 2. Sufficient Evidence
 
 6
 Sereno claims that he is entitled to judgment as a matter of law because Nievera failed to establish a section 1983 claim for malicious prosecution. Sereno's arguments are plausible only if Nievera asserted a section 1983 claim based on malicious prosecution. Nievera states that his claim is and has always been for unlawful retaliation against the exercise of his first amendment rights. We agree.
 
 
 7
 Plaintiffs' complaint and trial brief clearly set forth retaliation claims. Throughout the entire proceeding, Nievera's claim was construed as one for retaliation. Sereno's motion for directed verdict did not claim that Nievera failed to establish the elements constituting a malicious prosecution claim. Rather, Sereno stated that directed verdict was warranted because the evidence failed to show that he acted to punish the plaintiffs for exercising their constitutional rights. As such, Nievera was required to show only that Sereno intended to hassle Nievera as punishment for exercising his first amendment rights. See Duran v. City of Douglas, 904 F.2d 1372, 1378 (9th Cir.1990). Viewing the evidence in the light most favorable to Nievera, see Jackson v. Gates, 975 F.2d 648, 655-56 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3732 (U.S. Apr. 5, 1993) (No. 92-1645), the jury could have concluded that Sereno filed a false report to punish and to retaliate against Nievera for protesting the eviction.
 
 B. Plaintiffs' Appeal
 
 8
 In their cross-appeal, the plaintiffs contend that the district court erred by failing to grant their motion for JNOV on the substantive due process claim. They argue that the defendants violated their due process rights by evicting them from the campsite without good cause. Plaintiffs also argue that the district court erred by granting qualified immunity to the sheriffs.
 
 
 9
 "The district court's decision to grant or deny judgment notwithstanding the verdict is reviewed de novo.... Denial of such a motion is appropriate if the evidence and its inferences, considered as a whole, and viewed in the light most favorable to the non-moving party, cannot reasonably support a judgment in favor of the moving party." Jackson, 975 F.2d at 655-56 (citation omitted). "Neither the trial judge nor this court is permitted to weigh the evidence or substitute its judgment for that of the jury, provided the jury verdict is supported by substantial evidence." The Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148, 1151 (9th Cir.1988).
 
 
 10
 "To support a claimed violation of an individual's substantive due process rights, we have stated that the [defendant's] conduct must be clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Jackson, 975 F.2d at 657 (internal quotation omitted); see Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 474 (9th Cir.1991).
 
 1. Rangers Sereno, Selover, and Lee
 
 11
 Viewing the evidence in the light most favorable to the rangers, a rational jury could have concluded that, as a group, the plaintiffs were rowdy, not inclined to follow the rules, inclined to break agreements with the rangers, a general nuisance to other people who had the right to enjoy the camp, and likely to become more difficult to control as the day wore on. The jury could reasonably have gone on to decide that the rangers acted to preserve the safety and peace of the park, and did not arbitrarily and unreasonably evict plaintiffs in violation of their due process rights. See Jackson, 975 F.2d at 656. Thus, the district court did not err by denying plaintiffs' JNOV motion.
 
 2. Sheriff Deputies Bibby, Hogan, and Paige
 
 12
 "Government officials performing discretionary functions enjoy qualified immunity from civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Baker v. Racansky, 887 F.2d 183, 185-86 (9th Cir.1989) (internal quotation omitted). "Therefore, regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991); cf. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). In determining whether an officer acted reasonably, the court should consider the facts and circumstances within the officer's knowledge at the time of the alleged constitutional violation. Hunter v. Bryant, --- U.S. ----, ----, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (per curiam). "The qualified immunity standard gives ample room for mistaken judgments." Id. (internal quotation omitted).
 
 
 13
 Here, the sheriffs acted based upon their personal observations and the information provided by the rangers. They reasonably believed that the eviction was lawful because plaintiffs were disruptive and a threat to park safety. The jury agreed with them in that respect. Thus, at the very least, the sheriffs were entitled to immunity.[2]
 
 
 14
 Plaintiffs' request for attorney's fees incurred in defending Sereno's appeal is granted. The case is remanded for a determination of the amount of the appellate fee award. See Ash v. Lake Oswego Sch. Dist., 980 F.2d 585, 590 (9th Cir.1992).
 
 
 15
 AFFIRMED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For simplicity, the 25 plaintiffs/cross-appellees will be referred to as simply the "plaintiffs." Similarly, the rangers and sheriffs will be called "defendants."
 
 
 [2]
 Plaintiffs argue that the sheriffs waived their qualified immunity defense by withdrawing the instruction from the jury and failing to reassert it in their response to plaintiffs' motion for JNOV. We disagree. The qualified immunity instruction was withdrawn from the jury because it was one of law. See Act Up!/Portland, 988 F.2d at 873. Moreover, given the jury's verdict, the sheriffs did not need to assert immunity in opposition to plaintiffs' JNOV motion. Waiver is made of stronger stuff