66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tobias GALLEGOS, Plaintiff-Appellant,
v.
CITY OF SAN GABRIEL, Tom Dargan, Robert Clute, David Lawton,
Dwight French, Homer Croy, Guy Deneshaud, James
Castaneda, and Does 1 through 50,
inclusive, Defendants-Appellees.
 No. 94-55071.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1995.
Decided Sept. 14, 1995.
 
 1
 Before: Hall and Leavy, Circuit Judges, and Hogan,* Chief District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Tobias Gallegos filed a complaint against the City of San Gabriel ("City") and certain named individuals under 42 U.S.C. Sec. 1983 alleging that his constitutional rights were violated by the City and the individuals when they imposed and enforced zoning restrictions on his property. The district court granted summary judgment in favor of the individual defendants based on qualified immunity. Further, the district court granted the City's motion during trial, pursuant to Rule 50 of the Federal Rules of Civil Procedure, for judgment as a matter of law on his substantive due process and equal protection claims. Gallegos appeals from these decisions.
 
 A. Challenge to Findings of Fact
 
 4
 Initially, Gallegos maintains that the district court's Findings of Fact and Conclusions of Law in support of its decision to grant the Rule 50 Motion are unsupported by the evidence, inconsistent with the law and fail to incorporate the issues litigated. Relying on Wolf v. Reynolds Elec. & Engineering Co., 304 F.2d 646 (9th Cir.1962), the City responds that it is irrelevant because Findings of Fact and Conclusions of Law were not appropriate under a Rule 50 motion.
 
 
 5
 The court in Wolf determined that while it was procedural error for the trial court to determine the facts in a jury case, the error may be disregarded in view of the court's conclusion that there was "no evidence that defendants ... were negligent ... and upon that ground plaintiff's complaint should be dismissed." Id. at 649 (quotations omitted). As in Wolf, the trial court issued findings of fact in connection with its grant of the Rule 50 motion. In ruling on the motion for directed verdict, however, the court determined there was "a total absence of proof without the credibility or weighing the credibility of witnesses or weighing the testimony." Similar to Wolf, if the trial court's legal conclusion is correct, Gallegos' challenge to the findings of fact is to no avail and the dismissal must be sustained on appeal. See id.
 
 B. Challenge to Rule 50 Dismissal
 
 6
 (1) Substantive Due Process
 
 
 7
 Gallegos contends that at trial he proved a violation of his substantive due process rights with respect to the decision of the City not to permit him to operate his restaurant. He claims that the "refusal to grant [him] a license to operate the restaurant is a paradigm example of arbitrariness."
 
 
 8
 To prevail on a section 1983 claim against a municipality plaintiff must show that the alleged injury amounts to a constitutional deprivation, and that actions sanctioned by the municipality caused the constitutional violation. Halverson v. Skagit County, No. 93-35783, slip op. 1573, 1580 (9th Cir. Feb. 9, 1995). Gallegos alleges the City's decision to deny him a permit to operate his restaurant was arbitrary, in violation of his Fourteenth Amendment right to substantive due process.
 
 
 9
 To establish a violation of substantive due process based on a municipalities' zoning decision, as opposed to a Fifth Amendment takings claim, plaintiff must show that the municipality "could have had no legitimate reason for its decision." Id. at 1585 (quotations omitted). Indeed, if it is "at least fairly debatable" that the decision is rationally related to a legitimate governmental interest, there can be no violation of substantive due process." Id. (quotations omitted).
 
 
 10
 When considering a motion for a directed verdict, a district court must view the evidence most favorably to the party against whom the motion is made and, without weighing the credibility of witnesses, decide whether that evidence cannot reasonably support a jury verdict in that party's favor. Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir.1986). The court must also give the party against whom the motion is made the benefit of all reasonable inferences from the evidence. Id.
 
 
 11
 Gallegos refers the court to Bateson v. Geisse, 857 F.2d 1300 (9th Cir.1988), and suggests that it is factually similar to this case and, therefore, should control. The case is distinguished, however, in that plaintiff in Bateson was denied a building permit even though he intended to build a condominium development, a use which complied with the applicable zoning classification; he met all of the requirements necessary for the city to issue him a building permit; and the city's regulations provided that once an applicant's building plans comply with the code and other applicable laws and the fees are paid, the building official must issue a building permit to the applicant. Id. at 1302-03.
 
 
 12
 Here, Gallegos' restaurant was a nonconforming commercial use; and his particular use of the property implicated two of the City's Municipal Code sections; namely, section 9-3.1511(f) which provided that every nonconforming building or structure designed or intended for a use not permitted in any R zone be completely removed or altered to a conforming building, structure and use by the end of forty years from the structure's date of construction ("40 year rule"); and section 0-3.1511(e) which provided that if a nonconforming use was discontinued for one year or more, it could not be reestablished without the approval of the City Council.
 
 
 13
 The evidence presented at trial by Gallegos on his substantive due process claim established only that he was aware the property was zoned residential prior to any construction on the restaurant; he was aware of the applicable regulations in the Municipal Code; he received a two-year approval to operate his restaurant; he expended $50,000 to build the restaurant; he undertook certain repairs on the property in hopes of receiving approval to continue operating the restaurant; he applied for and was denied a zone change for the property; he appealed the denial of his request for a zone change; and his appeal was rejected.
 
 
 14
 The district court's decision to enter a directed verdict on Gallegos' section 1983 claim based on a violation of substantive due process was appropriate. By electing to pursue a substantive due process claim over a takings claim, Gallegos heightened his evidentiary burden. Gallegos failed to put any evidence in dispute such that factual determinations by a jury was necessary. The evidence presented at trial, viewed most favorably to Gallegos, does not support a finding that the City could have had "no legitimate reason for its conduct." Indeed, the City maintained that it simply acted pursuant to its Municipal Code. Gallegos was unable to controvert that legitimate conduct by the City.
 
 
 15
 Gallegos next maintains that there were triable issues of fact in connection with his equal protection claim. Specifically, he contends that he established there are similarly situated properties within the area of his property that have not been subjected to the same conditions and restrictions as his.
 
 
 16
 To establish an equal protection claim, plaintiff must show that the City or its officials applied the law in an arbitrary or invidiously discriminatory manner. Unless the distinctive treatment of the plaintiff involves either a fundamental right or a suspect classification, the decision need only be rationally related to a legitimate state interest. Del Monte Dunes v. City of Monterey, 920 F.2d 1496, 1508 (9th Cir.1990).
 
 
 17
 At trial, Gallegos presented some evidence that no other building in the City had ever been removed pursuant to the 40 year rule, even though other properties were subject to the 40 year rule; there are several commercial stores located near his property that are also zoned residential; his property was being inspected more often than other properties; and the dance hall was closed by year end 1990.
 
 
 18
 Gallegos did not present any evidence that the nonconforming use by other properties had been discontinued for one year or more and allowed to resume their nonconforming use. He did not present any evidence that the other properties applied for a zone change and received it where he was denied it. Further, Gallegos did not present any evidence that those other properties were put to the same commercial use as his property. Moreover, it is unclear whether the other properties subjected to the 40 year rule were the same ones as the nonconforming use commercial properties he refers to.
 
 
 19
 The district court concluded that Gallegos' evidence of similarly situated showed that the only element of commonality was the age of the buildings. Assuming each of the other properties had the commonality of age, there were numerous other relevant factors that Gallegos failed to establish as shared characteristics of the properties. Thus, Gallegos' definition of those similarly situated as other properties eligible for the 40 year rule, alone is not adequate for purposes of applying an equal protection analysis.
 
 
 20
 Finally, Gallegos charges that the district court's grant of summary judgment based on qualified immunity grounds was in error. He contends that the court relied soley on Elder v. Holloway as the basis of its decision to grant summary judgment, which was reversed by the Supreme Court. Elder v. Holloway, 975 F.2d 1388 (9th Cir.1991), reversed, 114 S.Ct. 1019 (1994).
 
 
 21
 Relying on the Supreme Court's decision in Elder that appellate review of qualified immunity dispositions must be conducted in light of all relevant precedents, not merely those cited to or discovered by the district court, id. at 1021, Gallegos cites Bateson for the panel to consider to conclude that qualified immunity should not be granted to the City officials here.
 
 
 22
 Bateson does not aid Gallegos in avoiding a grant of qualified immunity in favor of the individual defendants. Government officials performing discretionary functions are entitled to qualified good faith immunity from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982). When the defendant raises qualified immunity as a defense, the initial burden is on plaintiff to show that the rights were clearly established, after which defendant bears the burden of proving that his conduct was reasonable. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991).
 
 
 23
 To resolve the question of qualified immunity requires: (1) an identification of the right allegedly violated, (2) the determination whether that right was clearly established so that a reasonable official would have been aware of it and (3) the resolution of whether a reasonable official could have believed that the conduct at issue was lawful. Id. All three determinations are questions of law, however, the third may require fact finding as well. Id. at 628.
 
 
 24
 Here, Gallegos alleges violations of his rights under the Fourteenth Amendment. We have determined, however, that there was no unlawful conduct by the officials. Thus, the question of qualified immunity is not relevant and the reasonableness of their actions is moot.
 
 
 25
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Hon. Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3