**WASHINGTON PUBLIC POWER SUPPLY SYSTEM, a municipal corporation, Appellant,**

v.

**PACIFIC NORTHWEST POWER COMPANY, a corporation, Appellee.**

**No. 18804.**

United States Court of Appeals Ninth Circuit.

April 30, 1964.

Reinhardt, Coblens & Stoll, and Norman A. Stoll, Portland, Or., Houghton, Cluck, Coughlin & Schubat, and Jack R. Cluck, Seattle, Wash., for appellant.

Smith, Rives & Rodgers, Allan A. Smith and Hugh Smith, Portland, Or., for appellee.

John J. O'Connell, Atty. Gen. for State of Washington; Timothy R. Malone and Charles B. Roe, Asst. Attys. Gen. for State of Washington, Olympia, Wash., on behalf of amicus curiae State of Washington.

Before ORR, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

The parties to this appeal are competing applicants before the Federal Power Commission for a license to construct a hydro-electric project on the Snake River between Oregon and Idaho.

Appellant, a municipal corporation organized under the laws of Washington, brought suit under 28 U.S.C.A. §§ 2201 and 2202 for a judgment declaring: (1) that appellant was not precluded by

88

Washington law from building such a project outside the boundaries of the state; and (2) that, in any event, a federal license, if granted, would supersede any prohibition or disability arising under state law.

The district court entered judgment declaring: (1) that the laws of Washington did not authorize appellant to construct such facilities outside the boundaries of the state; and (2) that a license issued by the Commission could not confer such capacity or authority upon appellant. Washington Pub. Power Supply Sys. v. Pacific Northwest Power Co., 217 F.Supp. 481 (D.Ore.1963). This appeal followed.

While the appeal was pending here, the Commission denied appellant's application and issued a license to construct the project to appellee. The Commission based its decision on the ground that because a preliminary permit had been issued earlier to appellee under 16 U.S.C.A. § 797(f) (41 Stat. 1065 (1920), as amended), appellee had acquired a prior right to the license by the terms of 16 U.S.C.A. § 798 (41 Stat. 1067 (1920), as amended). Thus it was unnecessary for the Commission to consider the issues raised by the contention that appellant lacked authority under Washington law to construct the project, and the Commission expressly declined to do so. Appellant applied for rehearing. Its application was granted, and the matter remains pending before the Commission.

Appellant has obtained from the district court a declaration as to serious and far-reaching questions of state and federal law, the answers to which are far from clear. Even prior to the Commission's order, we entertained doubt as to the wisdom of such a declaration in view of the availability of state remedies and the pendency of the Commission proceeding, and requested and received from the parties supplemental briefs on the question of whether sound discretion required that a declaration be declined. The Commission's subsequent order denying appellant's application for license on grounds wholly independent of those in-

volved in the declaratory judgment strengthens those doubts. If the Commission's order becomes final, the declaration will have served no useful purpose.

 We have been cautioned against making declaratory judgments upon issues of public moment unless the need is clear, not remote or speculative. Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 243–244, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Eccles v. Peoples Bank, 333 U.S. 426, 431–32, 68 S.Ct. 641, 92 L.Ed. 784 (1948). The admonition applies though the probable futility of the declaration appears from events occurring pending appeal. A. L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 331, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961). We conclude that in the circumstances the proper course is to retain the appeal but vacate the submission pending further action by the Commission.

It is so ordered.