103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. SAWYER, Sr.; Juanita Sawyer; Tommie Sawyer, by
his guardian ad litem Leonard Myers, Plaintiffs-Appellants,
v.
Fredine JOHANSEN, individually; Maura Demers, individually;
Glenn County; Daryl Tuggle, individually; E. Hill;
Merced Manor; Tom Laskey; Sacramento County; Acelita
Amparo, Defendants-Appellees.
 No. 95-16827.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Dec. 06, 1996.
 
 Before: CHOY, REAVLEY,** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Charles W. Sawyer, Juanita Sawyer and Tommie Sawyer, by his guardian ad litem, (the "appellants" or "Sawyers") appeal the granting of summary judgment motions against them. We must determine whether the district court erred by: (1) granting qualified immunity to defendants Johansen, Demers, Amparo and Laskey on the basis that the Sawyers' rights allegedly violated were not clearly established; (2) finding that defendants Tuggle, Hill and Merced Manor, Inc. were not acting under color of state law; (3) granting summary judgment to defendants Glenn County and Sacramento County because plaintiffs failed to show unconstitutional pattern or practice; and (4) denying appellants' request for a declaration that California's statute governing the involuntary treatment of the mentally ill is constitutionally deficient.
 
 
 3
 Because appellants fail to raise any genuine issues of material fact relating to their section 1983 claims, we affirm the district court's grant of summary judgment in favor of defendants. Likewise, the record before the court is not appropriate for declaratory judgment and the district court's denial of such relief is affirmed.[1]
 
 Factual and Procedural Background
 
 4
 In 1992, upon a state court finding that Tommie Sawyer was gravely disabled, a conservator was appointed for him. Pursuant to the Lanterman-Petris-Short Act ("LPS Act"), Cal.Welf. & Inst.Code §§ 5000 et seq., which governs California's involuntary treatment of the mentally ill, Tommie's brother, Charles W. Sawyer Jr., was appointed conservator.
 
 
 5
 Between March and May 1993, Tommie was transferred to various care facilities. During this time, appellants allege that Tommie's conservator, and appellees Glenn County, Johansen and Demers authorized various treatments for Tommie and specifically requested there be no visitation with his parents. The Sawyers allege that Demers falsely and knowingly reported that Charles Sr. abused Tommie.
 
 
 6
 In May 1993 Tommie was admitted into Merced Manor, a private nursing facility. Appellees Tuggle and Hill are staff members at Merced Manor. The Sawyers claim that Tommie was denied visits by his parents to alienate him from his parents and by religious persons to control his expression of religion.
 
 
 7
 In June 1993, Charles Jr. resigned as conservator. Over the objections of Tommie's parents, the court appointed the Deputy Public Guardian for Sacramento County, Tom Laskey, as the new conservator.
 
 
 8
 On June 30, Tommie was transferred to Sacramento County Mental Health Treatment Center ("SCMHTC"). His treating physician at SCMHTC was appellee Amparo. The Sawyers allege that Amparo and Laskey authorized the use of certain medications to control Tommie's religious beliefs and denied visitation by his parents.
 
 
 9
 The Sawyers filed this action under 42 U.S.C. section 1983 on November 29, 1993 alleging that defendants Johansen, Demers, Amparo, Laskey, Tuggle, Hill, and Merced Manor and defendant-counties Sacramento and Glenn violated their constitutional rights while acting under color of state law. Included in this action was a requested declaration of unconstitutionality of California's LPS Act.
 
 
 10
 In August 1994, defendants Merced Manor, Tuggle, Hill and Amparo filed motions for summary judgment that were granted on October 31, 1994. In April 1995, defendants Johansen, Demers, Glenn County, Laskey and Sacramento County filed motions for summary judgment. The Sawyers filed a cross-motion for summary judgment on May 8, 1995. On August 16, 1995, the district court granted defendants' motions for summary judgment and denied plaintiffs' motions for summary judgment and for declaratory relief.
 
 
 11
 The Sawyers timely appealed to this court on September 12, 1995. On May 12, 1995, the California Department of Mental Health was granted leave to intervene and answer the claim against California's statutory procedures for conservatorship of the mentally disabled.
 
 I. Summary Judgment
 
 12
 A grant of summary judgment is reviewed de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Suitum v. Tahoe Regional Planning Agency, 80 F.3d 359, 361 (9th Cir.1996). Rule 56(c) provides for summary judgment when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 A. Qualified Immunity
 
 13
 The Sawyers assert a claim under 42 U.S.C. section 1983 against appellees Johansen, Demers, Amparo and Laskey for infringing on constitutionally protected rights while acting under color of state law. The district court granted summary judgment in favor of appellees on the basis of qualified immunity. Oct. 31, 1994 Order 21-22 and Aug. 16, 1995 Order 38.
 
 
 14
 A government official performing discretionary functions is entitled to qualified immunity for actions taken in the course of duty unless the officer's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The right clearly established cannot be a general, abstract right, but rather "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). The plaintiff bears the burden of showing that the particularized rights allegedly violated were clearly established. Elder v. Holloway, 975 F.2d 1388, 1390 (9th Cir.1992), rev'd on other grounds 510 U.S. 510 (1994).
 
 
 15
 The rights appellants claim were violated include: Tommie's right against abusive medical treatment; Charles Sr. and Jaunita's right to visit Tommie; Tommie's right to religious freedom; Charles Sr.'s right to his reputation; and the right to public accountability. Appellants' Brief 23-26. However, appellants fail to cite any authority offering a particularized formulation of these rights. Appellants only cite to cases that are factually and legally distinguishable and that at best describe general, abstract rights. See generally Anderson, 483 U.S. at 640-41 (holding that although the right to be free from warrantless searches of one's home absent probable cause or exigent circumstances is clearly established, plaintiffs must show that the specific circumstances with which the officers were presented did not constitute probable cause and exigent circumstances to satisfy the particularity requirement in a qualified immunity analysis). Because appellants fail to meet the initial burden of showing that the particularized rights allegedly violated were clearly established, appellees Johansen, Demers, Amparo and Laskey are entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982).[2]
 
 B. State Action
 
 16
 The Sawyers also assert section 1983 claims against appellees Tuggle and Hill, private individuals, and against Merced Manor, a private nursing facility. In order to maintain a claim under section 1983, appellants must "allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986))). A person acts under color of state law if the power to so act is "made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Although conduct constituting "action under color of state law" is usually that of state agencies or public officials, it can include conduct of private individuals if there is significant state involvement in the conduct. Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.1983). The Supreme Court has articulated four tests to determine the significance of state involvement: the governmental nexus test, the public function test, the state compulsion test and the joint action test. Id. at 382-83 (citations omitted).
 
 
 17
 Appellants contend that Merced Manor exercised control derived from the state through contracts it had entered into with Glenn County for the provision of mental health care. Appellants' Brief 34, 35. The contract addresses broad concerns related to providing community mental health services for the mentally disordered, such as requiring Merced Manor to keep accurate records, to secure insurance coverage and to promptly notify of life threatening situations. ER 290-305. It establishes very basic admission policies and minimum services to be provided. ER 303. Furthermore, the contract provides for the county to pay a maximum of $28,404.00 to Merced Manor for the care of all the county patients. ER 304.
 
 
 18
 The contract established a mere skeletal relationship between the county and Merced Manor insufficient to meet any of the state action tests. Such involvement does not establish a symbiotic relationship between Merced Manor and the county sufficient to meet the governmental nexus test. See, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974) (requiring a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself"); Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (holding that private school's discharge of an employee is not state action despite operating under contract with the state and receiving 90% public funding). To satisfy the public function test, the private actor must be "functioning as the government." Gorenc v. Salt River Project Agric. Imprv't. & Power, 869 F.2d 503, 508 (9th Cir.1989), cert. denied 493 U.S. 899 (1989). However, appellants fail to make a showing that the care of the mentally disabled is a function "traditionally exclusively reserved to the State." Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 157 (1977), (citing Jackson, 419 U.S. at 351); see also Flagg Bros., 436 U.S. at 158-59 (discussing that the holding of elections is one of the few activities traditionally exclusively reserved to the states); Blum v. Yaretsky, 457 U.S. 991, 1011 (1982) (stating that nursing homes do not perform functions traditionally the exclusive prerogative of the state). Furthermore, appellants do not raise any facts showing that Glenn County compelled Merced Manor to administer certain treatments to Tommie or to refuse visitation to Tommie's parents as required under the state compulsion test. See Blum, 457 U.S. 991 (finding that private nursing home's discharge and transfer decisions are not state action despite extensive regulation and 90% public funding without a showing that state significantly encouraged decisions). Nor do appellants meet the joint action test by their claim that appellees were willful participants in joint action with the state by "their use ... of judicial power to achieve that which they could not otherwise have done." Appellants' Brief 33. See Dennis v. Sparks, 449 U.S. 24, 28 (1983) (stating that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").[3]
 
 
 19
 A state's "mere acquiescence in a private action [is not enough to] convert [ ] that action into that of the State." Flagg Bros., 436 U.S. at 164. There must a state directive compelling the conduct in order to satisfy state action. See id. There is no evidence before us that the contract with Glenn County directs or influences the treatment decisions made by Merced Manor, Tuggle or Hill. For these reasons, we find that appellees Tuggle, Hill and Merced Manor are not state actors and affirm the district court's summary judgment in their favor.
 
 C. Municipal Liability
 
 20
 Counties are not subject to liability on a respondeat superior theory under section 1983. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). To succeed against the counties of Glenn and Sacramento under section 1983, appellants must prove the existence of a pattern or practice of constitutional deprivations. Id. at 690. The allegations that the counties were involved in the over-medicating of Tommie do not begin to show a practice of over-medicating patients. Appellants do not offer any affidavits or admissible evidence setting forth specific facts to raise a genuine issue for trial. See Fed.R.Civ.P. 56(e). As such, we affirm the district court's grant of summary judgment to Glenn and Sacramento Counties.
 
 II. DECLARATORY RELIEF
 
 21
 "Although the decision to grant or deny declaratory relief ... is a matter initially committed to the discretion of the district court, on appeal we exercise our own 'sound discretion' to determine the propriety of the district court's grant or denial of declaratory relief." Ablang v. Reno, 52 F.3d 801, 803 (9th Cir.1995), cert. denied 116 S.Ct. 701 (1996) (quoting Dexter v. Kirschner, 984 F.2d 979, 982 (9th Cir.1992)). Accordingly, we review the district court's denial of declaratory relief de novo.
 
 
 22
 Appellants seek a declaration that California's proceedings for the involuntary treatment of the mentally ill are constitutionally inadequate. Declaratory judgments on issues of public import should not be granted "unless the need is clear, not remote or speculative." Washington Pub. Power Supply Sys. v. Pacific Northwest Power Co., 332 F.2d 87, 88 (9th Cir.1964). Furthermore, there must be "an adequate and full-bodied record." Public Affairs Assocs., Inc. v. Rickovers, 369 U.S. 111, 113 (1962) (per curiam). The record before the court is far from adequate.
 
 
 23
 Appellants argue, among other things, that the LPS Act does not provide a right to jury trial, a right to be heard for the parent's of an adult conservatee, meaningful representation by a lawyer, or meaningful access to medical records. However, section 5302 of the LPS Act provides a right to jury trial and a right to representation by an attorney. Cal. Welf. & Inst. Code § 5302; see also §§ 5350(d) and 5370.1. Appellants offer no evidence that Tommie was denied a jury trial or that his representation was not meaningful. Likewise, the record lacks any evidence that Tommie was denied access to his medical records. As for the parents being denied access to Tommie's medical records and being denied a right to be heard, appellants fail to point to any constitutional protections guaranteeing these rights to the parents of adult children.
 
 
 24
 The district court's denial of declaratory relief was proper because there was no adequate record and the judgment would not "terminate and afford relief from ... the controversy giving rise to the proceeding." See Bilbrey by Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir.1984) (citations omitted).
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny both of appellants' motions: Appellants' Motion to Strike Amparo's Supplemental Excerpt of Record (02/19/96); and Appellants' Motion to Strike Letter Brief, Alternative Motions to Allow Motion as Supplement Brief or Leave to File Supplemental Brief (08/28/96)
 
 
 [2]
 Some of the appellees claim immunity under Youngberg v. Romeo, 457 U.S. 307 (1982), which found the decisions made by qualified professionals in the mental health field to be presumptively valid. Id. at 323. The Court stated that "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. Because we find these appellees immune from liability under Harlow, we need not address the availability of a defense under Youngberg
 
 
 [3]
 The appellants attempt to fashion a fifth state-action test, the "judicial enforcement of private agreements" test. We find no merit to this argument